HALPIN v. THE CITY OF KANSAS, *Appellant.*

Municipal Corporation: NEGLIGENCE. The plaintiff, a woman, while walking slowly and carefully in the night on a sidewalk in the City of Kansas, slipped and fell into a gully close to the walk, of which she knew nothing, but which had existed for several years. *Held,* that the city was liable.

*Appeal from Jackson Special Law and Equity Court.*—HON. R. E. COWAN, Judge.

AFFIRMED.

*D. S. Twitchell* for appellant.

*Tichenor & Warner* for respondent.

NORTON, J.—This suit is for the recovery of damages alleged to have been sustained by plaintiff, Mary Halpin, by reason of the negligence of the defendant in allowing a hole or gully of the depth of twenty-eight inches, to be and remain unguarded on the east side of the sidewalk on Washington street in the City of Kansas, into which hole or gully plaintiff, as alleged in the petition, without fault on her part, fell and was injured. Upon the trial of the cause plaintiff recovered judgment for $500, from which defendant has appealed.

It appears from the record before us that the only exception saved during the progress of the entire trial, was to the action of the court in overruling defendant's demurrer to the evidence introduced by plaintiffs to make out their case. Hence, it follows that the propriety of the action of the court in the above respect is the only question presented for determination.

We are of the opinion that the demurrer to the evidence was properly overruled.

The evidence tended to show that on the east side of the sidewalk along Washington street, and on the west side of said street, there was a hole or gully twenty-eight inches in depth, ordinary curbing and guttering being from twelve to fourteen inches; that there was no barrier, railing or guard along the edge of said sidewalk to prevent persons from falling into said gutter; that said street and sidewalk were improved in 1871, that said gully extended the entire distance between two streets; that it commenced to form in 1871, and grew until plaintiff was injured by falling into it; that for four years there had been a dangerous rut on west side of Washington street near Sixth, and that it was in a dangerous condition at the time of the trial. The evidence of plaintiff was that she was walking slowly and carefully in the night-time on said side-

walk, knew nothing of the condition of the street, slipped and fell into said gutter and received the injuries complained of.

The court was fully warranted in overruling the demurrer to the evidence, and it being sufficient to sustain the verdict rendered, the judgment is affirmed, in which all concur. *Barrett v. City of St. Joseph*, 53 Mo. 290; *Buesching v. St. Louis Gaslight Co.*, 73 Mo. 219.