DAVID H. HOLDING, Respondent, v. CITY OF ST. JO-SEPH, Appellant.

**Kansas City Court of Appeals, February 10, 1902.**

1. **Municipal Corporations:** NEGLIGENCE: PROPER GUTTER: JURY QUESTION. There is no rule as to the depth of a gutter, and their depth and width are not uniform; and the question relating to their safety and danger is for the jury under proper instructions.

2. ———: ———: PRESUMPTION AS TO PLAINTIFF: BURDEN OF PROOF. In an action for injury on a public street the plaintiff is presumed to be in exercise of reasonable care and the burden is on the defendant to show the contrary.

3. ———: ———: CONTRIBUTORY NEGLIGENCE: EVIDENCE. Plaintiff sued for an injury received in crossing the sidewalk into the street at an unusual place on a dark night and the evidence is reviewed and he is held guilty of contributory negligence, since he was not using the street in the usual and ordinary manner and did not exercise proper care.

4. **Municipality:** NEGLIGENCE: PATH ACROSS LOTS: GUTTER. The fact that persons were in the habit of traveling across lots and passing over the sidewalk and gutter into the street at a place other than the street intersection, will not create a license by the city of such method of traveling; and the city will not be required to put barriers or keep a light where the path so beaten crosses the gutter.

Appeal from Buchanan Circuit Court.—*Hon. A. M. Woodson,* Judge.

.REVERSED.

*Kendall B. Randolph* for appellant.

(1) The street was in a reasonably safe condition. The plaintiff's wife was not in the exercise of reasonable care. The demurrer to the evidence should have been given. Heckler v. City of St. Louis, 13 Mo. App. 277; Calhoun v. City of Milan, 64 Mo. App. 398; Hunter v. Weston, 111 Mo. 184. (2) The city had done nothing toward inviting the plaintiff's wife to pursue the course of travel she did pursue. Heckler v. St. Louis, supra. (3) She was not in the exercise of such care as was commensurate with her surroundings as indicated to her at every step she took. Cohn v. Kansas City, 108 Mo. 387; Gerdes v. Iron and Foundry Co., 124 Mo. 347; Craig v. City of Sedalia, 63 Mo. 417.

*Nichols & Pistole* for respondent.

(1) The authorities cited by the appellant in support of its first three propositions are not in point. The following cases are in point and support the contention of the respondent on the first and third propositions. Taubman v. City of Lexington, 25 Mo. App. 223; Brennan v. City of St. Louis, 92 Mo. 482; Young v. City of Kansas, 45 Mo. App. 600; Halpin v. City of Kansas, 76 Mo. 336; Staples v. Town of Canton, 69 Mo. 593; Walker v. City of Kansas, 99 Mo. 647; Wheeler v. Stock Yards Company, 66 Mo. App. 260; Kossman v. City of St. Louis, 153 Mo. 299. (2) The question as to whether the street and sidewalk (and pathway) were in a reasonably safe condition was a practical question for the determination of the jury, and it was properly submitted to them. See above citations. (3) The city had invited the public and respondent's wife to travel on the said street and pathway. See same authorities. (4) The respondent's wife was not guilty of negligence in law, and it was for the jury to say whether she was in the exercise of reasonable care. There was no apparent defect of such a nature as to render the use of the pathway in question necessarily dan-

gerous, and the respondent's wife had a right to presume that the way was safe. Flynn v. City of Neosho, 114 Mo. 567; Maus v. City of Springfield, 101 Mo. 613; Gerdes v. Iron and Foundry Company, 124 Mo. 347; Waltemeyer v. City of Kansas City, 71 Mo. App. 354; Graney v. City of St. Louis, 141 Mo. 180; Wheeler v. Stock Yards Company, 66 Mo. App. 260, and cases there cited.

BROADDUS, J.—The plaintiff sues as the husband of Eliza J. Holding, for injuries alleged to have been received by her by reason of the defective condition of a street of the defendant. There was a verdict and judgment against the defendant, from which it appealed.

The injury is alleged to have been received on Eighth street in the city of St. Joseph, Missouri, about twenty feet south of its intersection with Pacific street. Pacific street runs east and west and Eighth street north and south. On November 9, 1899, the plaintiff's wife, who was on her way from her own home to the home of a Mrs. Littlejohn, who lived south of said intersection of Eighth and Pacific streets and on the east side of said Eighth street, was injured by falling into Eighth street from the space left for a sidewalk along said street.

The evidence showed that as she approached Eighth street from Pacific street, just a short distance from said intersection, she left said last-named street and traveled across the corner of a vacant lot to Eighth street. Across the corner of said vacant lot was a beaten pathway which she was following at the time, which pathway had been used for several years, by foot passengers. It was in the nighttime, and very dark, as there was little street lighting near that point. There were no regularly laid sidewalks on the sides of either Pacific street or Eighth street. Several weeks or months before the date of the accident, Eighth street had been graded, which grading left an

embankment where the plaintiff was injured, that is, a depression or gutter was left along the side of the sidewalk which made the bottom of the gutter about two feet below the top of the sidewalk or space left for the sidewalk. Before the grading was done, in passing along over the vacant lot and onto Eighth street, this surface was practically level. Just as this pathway reached the sidewalk on Eighth street, it separated, one path leading into and across Eighth street, and the other turned south on top of the embankment or space for sidewalk in the direction of Mrs. Littlejohn's. Instead of pursuing this latter path, it is evident that she continued her walk across the sidewalk and stepped off or fell off the embankment into the street gutter and was injured. The reason given why she did not turn south and keep in the path on the sidewalk space is, that it had grown up in weeds and was rough and uneven, and that the walking was better outside in the street. But this is mere supposition, as she did not testify on that point, not being a competent witness in behalf of her husband. There was no one who saw her fall except her daughter Lena, who was with her at the time. This witness does not explain why the plaintiff's wife and herself desired to get off the sidewalk space into the traveled street.

It does not appear from the evidence that the wife was familiar with the locality or had ever traveled the route she was then pursuing, but the daughter knew the route. As this case must stand or fall on the evidence of this witness, we will quote from her testimony, that part that has the most important bearing on the issue involved. After detailing the route traveled in reaching Eighth street, she testified as follows:

"Q. Now just tell what happened there, if anything, to your mother, and how it happened? A. We went on west on Pacific street, and we turned south, and we were going over to Eighth street, and she fell, over in Eighth street over the bank. Q. State how you were traveling, whether you continued along the sidewalk on the south side of Pacific street,

or turned from it? A. We turned from it. Q. Which way did you go from the sidewalk? A. The southwest. Q. How were you and your mother walking at the time she got hurt—on which side of you was she? A. She was on the side a little in front. Q. And you were walking westward, I believe you said? A. Yes, sir. Q. And when she fell, about how far from her were you, about how far away were you? A. She was just a few steps ahead."

The defense was a general denial and contributory negligence. Upon the conclusion of all the evidence the defendant asked the court to instruct the jury to find a verdict for it. This the court refused. The defendant's claim is that, under the circumstances shown to have existed at the time, it owed the plaintiff's wife no duty whatever, and that the injury she received was the result of her own negligence. Under the circumstances detailed, the plaintiff claims that the finding of the trial court should be upheld, and cites many cases to sustain his view. We will notice a few of them. In Brennan v. City of St. Louis, the facts were that, a ditch extending across the street had been made by running water, one or two feet deep and of a like width, and that the plaintiff, a child of three years old, who was on the sidewalk, was knocked into the ditch by the accidental stumbling of another child against her. Both fell into the ditch together, the fall breaking plaintiff's leg. The court held that the condition of the street was not reasonably safe. The case is different from the one under consideration. The ditch in the one instance extended across the street and sidewalk, and the defect was one which every traveler would certainly encounter in passing over it. No want of care was attributed to the child who was injured, and while the ditch was not the sole cause of the injury, the injury would not have resulted without it. Staples v. The Town of Canton, 69 Mo. 592, was a case where the City of Canton failed to erect side-railings to a bridge in a public street. The court held that under the facts in that case, whether the failure of the

city to have side-railings for the bridge was or was not negligence, was a question for the jury. In Halpin v. The City of Kansas, 76 Mo. 335, the plaintiff, a woman, while using proper care was walking in the nighttime on a sidewalk of the city, slipped and fell into a gully close to the walk. The city was held liable. It was shown that this gully was twenty-eight inches deep and was a dangerous place, while the ordinary guttering was only from twelve to seventeen inches deep. In Walker v. The City of Kansas there was a defect in a bridge open for travel, which was held to be an act of negligence. In Kossman v. St. Louis, 153 Mo. 299, the court held that when a city macadamizes a street from curb to curb and opens it for public travel, it is required to keep it in reasonably safe condition for public travel from curb to curb. · Wheeler v. Stockyards Co., 66 Mo. App. 260, was a case where the revocation of a license to the public to travel over the lands of the defendant was in issue, the defendant having removed a plank in a bridge without sufficiently barricading the same so as to keep persons from going on it. There is nothing in the case of Taubman v. The City of Lexington, 25 Mo. App. 218, except a reiteration of the duty of a city to keep its street in reasonably safe condition for public travel.

There is a marked difference in this case from all those cited. The question here is clearly presented as to whether a city is liable for an injury to a person who steps off a sidewalk other than at the usual place provided for crossing from one side to the other side of a street on a dark night without proper caution. It is a matter of general knowledge that streets are constructed with a depression or gutter next to the sidewalks, for the purpose of drainage. We know of no general rule as to the depth these gutters should be constructed in all cases. But it is safe to say, from the variety of circumstances, for instance, the topography of the locality, their depth and width are not necessarily uniform, but on the contrary must differ in that respect. The gutter in this case was

shown to have been from eighteen to twenty-six inches deep. The question as to whether this was an unsafe and dangerous ditch was under the instructions of the court properly left to the jury, and they found that it was. In Halpin v. the City of Kansas, supra, the gutter or ditch was proved to have been twenty-eight inches deep and the court upheld the finding that it was unsafe and dangerous.

The ditch under consideration having been found by the jury unsafe and dangerous, upon ample testimony as shown by the record, the only remaining question is, was the plaintiff's wife, under the circumstances, using such care as the law required of her? The law presumes that she was exercising reasonable care unless the evidence shows to the contrary. The burden of showing this fact devolved, under the general rule, upon the defendant, unless it is made to appear by the proof of the plaintiff. The wife, during a dark night, after leaving the sidewalk on Pacific street, left the same before its intersection with Eighth street, continued her way across a vacant lot following a path until she came to the sidewalk space on Eighth street, on and over it, until she fell into the street. This, as shown, was all done without caution or hesitation. She was entirely unacquainted with the locality, and must be held to have known that she was not at the usual and ordinary street crossing. Not only this, but she was, also, at the time she fell, in advance of her daughter Lena, who had a previous knowledge of the locality. Had she been attempting to pass into the street at the intersection of the two streets, she would have been justified in acting upon the presumption that the way was reasonably safe, for the crossing at such a place is but a substitution for the sidewalk, which it was the duty of the city to provide.

It is only the duty of a municipality to keep its streets in a reasonably safe condition for the use of the public who travel over them in the usual and ordinary manner, and when it is shown there has been a neglect in that respect, and that a per-

son, so using them and exercising ordinary care, is injured thereby, the city ought to be held responsible for the damage sustained. Here, the plaintiff was not using the street in question in the usual and ordinary manner in which they are used, but was without care or caution attempting, as has been said, on a dark night, without previous knowledge of the conditions of the locality, to pass from the sidewalk space into the street, where she fell and was injured. It appears to us that she was without doubt guilty of contributory negligence, without which she would not have been injured.

But it is claimed by the plaintiff that prior to the grading of the street in question, the city had, by permitting the traveling public to follow the beaten track across the vacant lot and across its sidewalk space into Eighth street, created a license for them to so travel, and that it was negligence after the grading was done, not to have had a light at said point, or barrier, so as to prevent accidents. A sufficient answer to all this is that, it is common knowledge that persons will travel across vacant lots and into the streets at unusual places, and there is no law against or way to prevent it. The authorities cited by plaintiff on this question have no application to this case whatever.

We think the court should have instructed the jury, under the law and evidence, to find for the defendant. With this view of the case, it becomes unnecessary to notice other alleged errors. The cause is reversed. All concur.