THOMAS J. HALL, Respondent, v. CITY OF ST. JOSEPH, Appellant; JAMES Y. CRAIG, Respondent.

Kansas City Court of Appeals, April 1, 1912.

1. NEGLIGENCE: Obstruction in Street. Plaintiff sued for injuries received while on his way to work before daylight, by falling over a wagon tongue attached to a wagon left over night in a public street in front of the blacksmith shop of one of the defendants. The street light a hundred feet or more away was not burning. *Held*, that plaintiff had a right to presume that the street anywhere in that vicinity was free from obstructions, having no previous knowledge that the wagon was in the street.

2. **JUDGMENTS: Rights of Co-defendant.** Where judgment is in favor of plaintiff and against one defendant and in favor of the other, the latter being primarily liable for the injury, the judgment will be reversed so far as it affects the right of the defendant against whom the judgment is rendered to proceed against his codefendant.

Appeal from Buchanan Circuit Court.—*Hon. William K. Amick*, Judge.

AFFIRMED IN PART AND REVERSED IN PART.

*W. B. Norris, O. E. Shultz* and *Phil A. Slattery* for appellant, City of St. Joseph.

(1) The demurrer to the evidence offered by the city should have been sustained for the reason that the plaintiff, a pedestrian, was not traveling in that part of the street set apart for pedestrians, and the city is not held to anticipate such use as plaintiff made of the street. Holding v. St. Joseph, 92 Mo. App. 143; Woodson v. Railroad, 224 Mo. 685. (2) The court should have given instruction number one. If the street light located 118 feet from the wagon gave sufficient light when in repair to protect plaintiff and got out of repair during the night of the accident, then the court should declare as a matter of law that the city was not negligent. Hesselbach v. St. Louis, 179 Mo. 1. c. 522; Ball v. City of Independence, 41 Mo. App. 475.

*Mytton & Parkinson* and *R. W. Grier* for respondent, Thomas J. Hall.

Municipal corporations are bound to keep their streets and highways in a proper state of repair and free from obstructions, so that they will be reasonably safe for travel. Gerds v. Foundry Co., 124 Mo. 347; Smith v. St. Joseph, 45 Mo. 449; Flynn v. Neosho, 114 Mo. 567; Delaplain v. Kansas City, 109 Mo. App. 107.

*B. J. Casteel* for respondent, James Y. Craig.

BROADDUS, P. J.—The plaintiff was injured on the 31st day of December, 1910, at a point on Nineteenth street, near Frederick avenue, in the city of St. Joseph, Missouri. The injury was caused by plaintiff falling or stumbling over a wagon tongue, which was attached to a wagon in the street in front of the defendant Craig's blacksmith shop. Both of said streets are improved. The injury occurred at about 6 o'clock a. m. while plaintiff was going to his work. The evidence tended to show that it was the habit of people who desired to have their wagons repaired to leave them in the street in front of defendant Craig's shop. But Craig and his employees testified that they did not put the wagon in the street and never saw it there, and that they never at any time placed a wagon within eight feet of the intersection of the two streets mentioned, the point where it was shown plaintiff received his injury; and the evidence is to the effect that Craig never invited the public doing business with him to place wagons anywhere in the street when he or his employees were not present to receive them, and it was not shown that the wagon in question was one belonging to a customer of Craig's.

The evidence showed that there was a street light 118 feet from the place where the plaintiff fell and was injured, but there was a conflict of evidence as to whether it was burning at the time; the plaintiff testified that it was not. Had such light been burning it would have lighted the place where the obstruction was found.

There is some contention that the plaintiff was guilty of contributory negligence, as he was traveling outside of a direct line across the street or else he would not have met with the obstruction, which was situated a short distance from such direct line. In other words, that he was going in an oblique direction

across the street at the time, which caused him to come in contact with the wagon tongue. The jury returned a verdict for plaintiff in the sum of $500 against the city and returned a verdict in favor of the defendant Craig. The city appealed. The city tried the case upon the theory that primarily the defendant Craig was liable for the obstruction in the street, and that if he was not liable, the city was not liable.

Numerous instructions were asked on both sides, some of which were given and some refused. Instruction numbered 1 given for defendant city, without objection, is as follows: "The court instructs the jury that although it believes that defendant, city, had knowledge of the location of the wagon in the street, as complained of, yet if it believes that so long as the street light located on Frederick avenue, 118 Feet from Nineteenth street and Frederick avenue, continued to burn, Nineteenth street, at the point complained of, was reasonably safe, then you cannot find for the plaintiff, unless you find that the light had been out of repair at a time other than during the night of the accident complained of by plaintiff." After the city's lawyer had made his argument to the jury the court withdrew said instruction from their consideration over the objection of the city, plaintiff's counsel at the same time offering to withdraw his objection to instruction number 2 given on behalf of defendant Craig. Whereupon the court offered to allow the defendant city's counsel to re-argue the case, who refused to accept the offer for the reason that he did not believe it possible to thereby cure prejudicial errors that may have been committed by the above proceeding.

The defendant city offered instruction 13 after the opening argument on behalf of plaintiff, and, after the conclusion of the argument on behalf of the city, asked that it be substituted for the refused instruction 12 asked on behalf of the city, which offer was by the

court refused for the reason that the same was asked out of time.

The petition of plaintiff is in the usual form in such cases. The answer of the city consists of a general denial and an allegation of contributory negligence on the part of plaintiff. The defendant city offered a demurrer to the evidence on the ground that the plaintiff was not traveling in that part of the street set apart for pedestrians, and the city is not held to anticipate such use as plaintiff made of the street. To sustain this position counsel rely upon the case of Holding v. St. Joseph, 92 Mo. App. 143, and Woodson v. Met. Street Ry. Co., 224 Mo. 685. In the first case it was held that: "The fact that persons were in the habit of traveling across lots and passing over the sidewalk and gutter into the street at a place other than the street intersection, will not create a license by the city of such method of traveling; and the city will not be required to put barriers or keep a light where the path so beaten crosses the gutter." In the latter case the facts were, that the railway company had piled, about the middle of the block, iron rails on the parking between the pavement and the curb, where the same remained in full view for five months, and the plaintiff, accustomed to walk on the street, in broad day, undertook to cross from the pavement to the opposite side of the street, stumbled and fell and was injured. The holding is that he deliberately chose a dangerous way, which he could have avoided by the exercise of ordinary care.

The facts in this case are different. The plaintiff was undertaking to cross at the intersection of the two streets, where he would have been safe anywhere had there been no obstruction. It is true that if he had pursued a straight line from street to street he would not have encountered the tongue of the wagon, but he had a right to presume that the street anywhere in that particular vicinity was free from obstructions.

Hall v. City of St. Joseph.

He had no previous knowledge that the wagon was in the street. There is no semblance whatever to the cases cited.

It is claimed that the court was in error in refusing said instruction 1. The gravamen of the charge is not that the city failed to sufficiently light the crossing, and it is not to be charged with negligence for that cause. Had there been such light, perhaps the injury would not have occurred. Had there been such a light it would have been a question for the jury to say whether plaintiff was in the exercise of due care. He did not know that the wagon was in the street, and it might have escaped his attention. Much would have depended upon the power of the light and other circumstances. It would, in any event, have been for the jury to say whether he was guilty of contributory negligence. And, we do not think the action of the court was prejudicial in withdrawing it from the consideration of the jury. What else could the court do? If it had permitted the erroneous instruction to stand and the verdict had been for the appellant, the court would have been compelled to set it aside, and the trial would have availed nothing. And, we do not see how the appellant could have been injured thereby, as it only took from the consideration of the jury that phase of the case. If there had been any prejudice engendered the plaintiff must have been the sufferer. It is unnecessary to refer to instruction 2 given for plaintiff.

By instruction 9, the court was asked to instruct the jury to determine whether the wagon in question was a reasonable obstruction, in other words, had Craig placed the wagon in the street, and was it such a reasonable use as he had the right to make of it as an adjoining proprietor. It is true that the right of the traveling public to the use of the street is also subject to a reasonable obstruction for the conduct of business. It is said that the property owner has the

right to use the street in front of his premises as a
place to deposit material and tools for use in the con-
struction of improvements on his premises. [Christ-
man v. Meierhoffer, 116 Mo. App. l. c. 51.]   And it is
said, that it is "true that in order to transact busi-
ness and to build houses, and to reconstruct streets,
etc., the sidewalks must of necessity, at times, be
partly occupied by such materials for such purposes."
[Hesselbach v. City of St. Louis, 179 Mo. l. c. 523.]
Such is the general doctrine.  But the doctrine has no
such application in this case.  Craig denies that he
placed the wagon in the street, or that it was placed
there by his order.  And there is a total failure of
proof that the wagon was left there for his convenience
by the owner to be repaired, or that it was placed there
by anyone who had the right to such use of the street.

Defendant's instruction 10, refused by the court,
is predicated upon the theory that under the pleadings
and evidence in the case that the jury was not author-
ized to return a verdict against the city and not
against Craig, because, if there was any liability, it
rested upon Craig primarily.  It is held in Wiggin v.
St. Louis, 135 Mo. 558, in an action against the city
and codefendant, where the codefendant was primarily
liable for an obstruction in the street, that it was the
duty of the Supreme Court to reverse the case as to
the discharge of the codefendant, but held that such
reversal would not affect plaintiff's judgment against
the city, but would have the effect of relieving the
city of the bar of the judgment and of restoring its
right of action against its codefendant. And this court
followed the ruling in that case in Waltemeyer v. Kan-
sas City, 71 Mo. App. 354.  In the first case mentioned
there was such a lack of proof against the codefend-
ant alleged to be primarily liable that the court di-
rected the jury to return a verdict in its favor.

The trial courts are vested with discretion in the
trial of cases and it is not the province of appellate

courts to interfere with such discretion unless it is abused. And we hold that it was a question of discretion with the court whether it would permit appellant to substitute instruction 13 for 12, and that its action was no abuse of such discretion.

The appellant contends that instruction 2 given at the instance of plaintiff was error. The ground of objection is that it imposed a greater duty upon the city than the law requires. The language of the instruction is that if the jury find "that said street was by reason of the existence of said wagon and tongue thereon rendered dangerous and unsafe." We are of the opinion that if the obstruction was of the character described by the language used, it would be equivalent, at least, to saying that it was not reasonably safe. We do not think the jury could have been misled thereby.

Other errors are assigned why the cause should be reversed, but we do not consider them important. The judgment of. the circuit court in favor of the plaintiff and against the city of St. Joseph is affirmed. The judgment in favor of the defendant Craig against the plaintiff, so far as it affects the rights of the city, is reversed. All concur.