MRS. ANNIE COWGILL, Respondent, v. CITY OF ST. JOSEPH, Appellant.

Kansas City Court of Appeals, May 4, 1914.

1. **NEGLIGENCE: Municipal Corporations: Defective Sidewalk: Snow and Ice: Jury Question.** On a city sidewalk at the mouth of an alley snow had been allowed to accumulate and form into rough bumps and hillocks and by compression from the tramping of passers and slight melting had formed into hummocks and ridges of ice. Plaintiff in passing over the place fell and was painfully injured: *Held,* that the questions whether the sidewalk was not reasonably safe and whether its condition was caused by accumulations of snow and ice which had remained for a sufficient length of time to give notice to the city, or whether the fall was caused by a smooth plane of ice from water running out of the alley the night before were questions for the jury.

2. ———: ———: ———: ———: **Instructions: Broadening the Issues.** Although the petition charged that the obstruction rendering the sidewalk dangerous and not reasonably safe was ice formed in ridges and rough bumps, still, as the evidence all showed it was formed by snow slightly melting and being compacted and freezing into ice, an instruction referring to the obstruction as composed of snow and ice did not broaden the issues.

3. ———: ———: ———: ———: ———. An instruction requiring the jury to find that the sidewalk was rendered "dangerous and unsafe and not reasonably safe" before a verdict for plaintiff could be returned was not erroneous in requiring the city to exercise a higher degree of care than the law requires.

4. ———: **Evidence: Medical Services Rendered a Married Woman Plaintiff.** Where the evidence shows that medical and surgical services were rendered plaintiff, who is a married woman, and that a personal charge therefor was made against her by the physician and surgeon, such expenses were not inadmissible on the ground that it was a debt for which her husband would be liable.

5. ———: **Excessive Verdict.** A verdict, though ample, cannot be said to be excessive where the injury consisted of an exceedingly painful fracture of both bones of the leg at the ankle resulting in a permanently deformed foot from which the person injured will continue to suffer pain in the future.

Appeal from Buchanan Circuit Court.—*Hon. Chas. H. Mayer*, Judge.

AFFIRMED.

*Frank B. Fulkerson, L. E. Thompson* and *Herman Hess* for appellant.

(1) Instruction No. 1, in its broadest language, told the jury that the city was negligent if the street in question was "dangerous and unsafe." The city is only required to keep its streets reasonably safe. Wallis v. Westport, 82 Mo. App. 526; Robertson v. Railroad, 152 Mo. 389; Baustian v. Young, 152 Mo. 317; Carvin v. St. Louis, 151 Mo. 334; Nixon v. Railroad, 141 Mo. 438; Smith v. Brunswick, 61 Mo. App. 578; St. Louis v. Kansas City, 110 Mo. App. 655. (2) The wife cannot recover for loss of time, medicine, medical attention and care. Kirkpatrick v. Railroad, 129 Mo. App. 524; Plummer v. City of Milan, 70 Mo. App. 598; Twedell v. City of St. Joseph, 167 Mo. App. 547. (3) The verdict of the jury is excessive and the result of prejudice on the part of the jury. Lorton v. Railroad, 159 Mo. App. 567; Slette v. Railroad, 55 N. W. 138; Otto v. Railroad, 134 N. W. 158; Nelson v. Bromley, 104 Pac. 251; Burdict v. Railroad, 123 Mo. 236; Nicholds v. Plate Glass Co., 126 Mo. 68; Chitty v. Railroad, 166 Mo. 443; Stalze v. Transit Co., 188 Mo. 581.

*Mytton & Parkinson* for respondent.

TRIMBLE, J.—Plaintiff, with two lady companions, was walking along the north side of Edmond street in St. Joseph. The three were walking abreast, plaintiff on the outside, about 6:50 o'clock in the morning of January 11, 1913. When they reached the centre of the north and south alley between Fourth and Fifth streets, which alley intersected Edmond street at right angles, plaintiff received a fall fracturing both bones of the right leg a short distance above the ankle, dislocating the ankle, tearing ligaments and cartilage loose and producing what the doctors call a Pott's fracture, which involves an outward displacement of the foot.

She brought this suit against the city for damages alleging that the walk was dangerous and unsafe by reason of ice which had formed and accumulated so as to be rough, uneven, knotty and in ridges; that it had been in such condition for such a length of time that the city could by the exercise of ordinary care have removed the same before the accident; and that she was caused to fall and was injured thereby.

The testimony of plaintiff's witnesses was to the effect that the snow which had been left in the alley had become compressed by frequent tramping and melting into ice and had formed into rough bumps, hillocks and ridges from two to four inches high and had remained in that condition for four or five days in one of the most thickly traveled business portions of the city. One witness said the rough slippery ice and bad condition had existed for a week prior to the accident.

The testimony of defendant's witnesses was to the effect there were no humps or ridges of ice at the point in question, but that the fall was produced by a smooth plane of ice caused by the freezing, on the night before, of water running out of the alley across the sidewalk. As the jury are the judges of the facts and found for

the plaintiff, we must accept the testimony of plaintiff's witnesses as true.

Objection is made to plaintiff's instruction No. 1 because of the use of the terms "dangerous and unsafe" and "not reasonably safe." The contention is that the instruction holds the city to a higher duty than that imposed by law. We do not think so. Of course if the instruction required of the city anything more than the duty to keep its streets reasonably safe, it would be erroneous. But the instruction did not do this. It told the jury, among other necessary facts to be found before a verdict could be returned in plaintiff's favor, that they must believe from the evidence "that said ridges and lumps and knots of ice and snow on said date and for a long time prior thereto rendered said sidewalk at said place dangerous and unsafe and not reasonably safe for pedestrians traveling over and upon said sidewalk at said place." It is, therefore, wholly unlike the instruction criticised in Robertson v. Railway, 152 Mo. l. c. 392-3. Instead of telling the jury that plaintiff could recover however slight the defect may have been, as did the instruction in the Robertson case, the instruction in the case at bar told the jury that the walk must have been rendered dangerous and unsafe "and not reasonably safe." In Hall v. City of St. Joseph, 163 Mo. App. 214, l. c. 221 an instruction using only the words "dangerous and unsafe" was held to be equivalent to the phrase "not reasonably safe." See also Ballew v. City of St. Joseph, 163 Mo. App. 298, l. c. 302, where the court, speaking of a similar objection to an instruction couched in the language of the one at bar, said "the objection is based on a strained construction of the language."

So far from the instruction being objectionable because it required the jury to find, before they could return a verdict for plaintiff, that the snow and ice had not formed from water running out of the alley and freezing on the nights or days recently before she

fell, it would seem that this was necessary in order to inform the jury that if it were formed by water running out of the alley shortly before she fell, the city would not be liable.

Neither is the instruction faulty nor the evidence inadmissible because of the reference to snow and ice when the petition uses only the word ice. The evidence was to the effect that the obstruction was ice that was originally snow that had slightly melted and had been compacted into ice. No objection was made to the evidence as to snow and all parties treated the obstruction as composed of snow and ice or ice made up of compacted snow and ice so as to form a ridge or mass of ice.

The evidence as to the doctor's charge for medical and surgical services was properly admitted since the evidence showed that the debt was against plaintiff herself and was one for which she was personally liable. Such was not the case in Twedell v. City of St. Joseph, 167 Mo. App. 547.

The subject-matter of instruction lettered "C" was fully covered by defendant's given instruction No. 2. The refusal of the former was, therefore, not error. Besides, there was no evidence that the plaintiff knew of the dangerous or icy condition of the sidewalk prior to the moment she fell.

Complaint is made that the verdict is excessive. The physician testified that both bones were broken; that the ankle was turned and dislocated and the ligaments torn off the inside bone and the cartilage pulled off; that it was what is called a Pott's fracture, very painful and permanent and resulting in a deformity of the foot, a sinking down of the arch of the foot and making it painful to walk on ever after. She was confined to her bed for two months and at the time of the trial was suffering pain in the foot, and defendant's expert after examining the foot testified that she would always have more or less trouble with it. Under these

circumstances a verdict of $5000 might be said to be ample but is not so large as to justify us in holding it excessive. The judgment is affirmed. All concur.