242 S.W.2d 591 (1951)
BURGESS
v.
KANSAS CITY.
No. 21555.
Kansas City Court of Appeals, Missouri.
October 1, 1951.
David M. Proctor, John J. Cosgrove, T. James Conway, Jr., and Preston Longino, all of Kansas City, for appellant.
Charles Rubins, Walter A. Raymond, Kansas City, for respondent.
CAVE, Judge.
Plaintiff recovered judgment for $4,000 for personal injuries against Kansas City and John Koury. Kansas City alone appealed.
The evidence discloses that Kansas City had, from time to time, issued to defendant, Koury, a yearly permit to operate a lunch wagon on the parkway between the sidewalk and curbing of Southwest Boulevard in said city. The parkway was a part of a public street. The lunch wagon was approximately 14 feet long, 7 feet wide, and 7½ feet high, and was on wheels or blocks. An angle iron was attached to the east end of the wagon which could be used to pull the vehicle from place to place. The wagon had been located at this particular place for about six years, but had been abandoned for sometime before the injury; there were no lights, guards or barricades on or around it. The angle iron was about 18 inches long, 4 or 5 inches wide, 3 inches thick, black in color, and projected out from the wagon at a level of about 1 foot above the ground. On March 25, 1947, about 7:30 p. m., plaintiff parked his automobile along the south curb of Southwest Boulevard near the location of the wagon. It was raining or misting and dark. He got out of his car and started walking south across the parkway toward the sidewalk, intending to go to a building nearby; in doing so, he passed along the east end of the wagon and struck his leg against the protruding angle iron, resulting in severe injuries. The evidence is that, due to the location and color of the angle iron and the lack of sufficient light, he was unable to *592 see it. The sufficiency of the evidence to make a submissible case and the amount of the verdict are not questioned, so we need not further detail the facts.
The only assignment of error is directed at plaintiff's instruction No. 1.
The petition alleged the facts pertaining to the issuance of a permit to operate the lunch wagon; the location and dangerous nature of the angle iron to persons walking across the parkway; that the city knew or should have known of such obstruction and dangerous condition in time (par. 6) "to have removed said obstacle from said sidewalk and parkway, or to have placed a warning signal, sign or light thereon or at said place, or to have placed a barricade or guard around said place, and could have thereby avoided said injuries to plaintiff, * * *." In par. 9 the allegation is that defendants "could have remedied and removed said obstacle and obstruction, or have placed a warning signal at said place or barricaded same, * * *." (Italics ours.)
The instruction required the jury to find certain facts, among which were that the city had permitted the wagon and iron tongue to remain in its present position, and that the parkway, by reason thereof, was rendered dangerous and not reasonably safe for pedestrians, and that the wagon and iron tongue remained on said parkway for a sufficient length of time for the city, by the exercise of ordinary care, to have known of the existence of said dangerous condition, and then required the finding that the city could have " * * * by the exercise of ordinary care, remedied, removed or repaired said condition * * * and thus and thereby rendered said parkway reasonably safe for pedestrian use, * * * " and if the city failed "so to do" and was thereby negligent, then the verdict should be for the plaintiff. (Italics ours.)
Appellant contends that the italicized word repaired, as used in the instruction, is not within the averments of the petition; cast a greater burden on the appellant than was alleged in the petition, and submitted an issue on which there was no evidence. It cites many cases holding that instructions must be within the purview of both the pleadings and the evidence. Mann v. Mann, Mo.Sup., 193 S.W.2d 492, 494. There is no dispute about that being the law, but the question is, does the present instruction violate that rule?
Appellant argues that the instruction imposed on it the duty to repair the wagon and iron tongue. That is incorrect. The instruction required the city to remedy, remove, or repair "said condition"; that is, a dangerous obstruction on the parkway. It is the street, sidewalk or parkway which the city must keep reasonably safe, not some obstruction thereon. The means used to accomplish this purpose may be by removal or repair or by some other effective action.
We think the city had the legal right and duty to remedy the condition, which the jury found was dangerous, and that it could not escape liability by shifting that responsibility to defendant, Koury. City of Springfield v. Stevens, 358 Mo. 699, 216 S.W.2d 450, 459; Crockett v. City of Mexico, 336 Mo. 145, 77 S.W.2d 464, 466; Benton v. City of St. Louis, 217 Mo. 687, 118 S.W. 418; Young v. City of St. Louis, Mo.App., 178 S.W.2d 641, 646; State ex rel. Kansas City v. Shain, Mo.Sup., 177 S.W.2d 511, 512; Carruthers v. City of St. Louis, 341 Mo. 1073, 111 S.W.2d 32, 35; Wendegatz v. Kansas City Gas Co., Mo. App., 217 S.W.2d 269; Hall v. City of St. Joseph, 163 Mo.App. 214, 146 S.W. 458. In Benton v. City of St. Louis, supra, the court said, 217 Mo. 700, 118 S.W. 421: "A city owns and controls its streets as a trustee for the public. It, therefore, stands charged by the law with the primary and bounded duty of keeping them free from nuisances, defects, and obstructions caused by itself or by third parties if it (in the latter instance) had actual or constructive notice thereof in time to abate the nuisance, remove the obstruction, or repair the defect. It cannot shirk that duty, or shift it over to, or halve it with, others. So much is clear law in Missouri." Concerning the city's responsibility to keep the parkway in a reasonably safe condition for pedestrians, this court said: "It is the settled law in this *593 state that a parkway, such as we have under consideration, is as much a part of the public highway as are the sidewalks and roadways for vehicles. They are designed for ornament, and not for use as a pathway; but that people will use and occupy them as restful places or in crossing the streets, is a fact of common knowledge, and one to be reckoned with by the city and its licensees in the discharge of their duties to the traveling public. Parkways must be kept in a reasonably safe condition." Wendegatz v. Kansas City Gas Co., supra, 217 S.W.2d 271.
Was it prejudicial error to include the word "repaired" in the instruction? We think the question is answered by the Supreme Court in Gerdes v. Christopher & Simpson Architectural Iron & Foundry Co., 124 Mo. 347, 27 S.W. 615, 618. In that case an obstruction had been placed in the street by a third party. Plaintiff's instruction declared it was the duty of the city to have used "reasonable and ordinary care to keep said street in repair, and in a condition reasonably suitable and safe for * * travel thereon." The instruction was criticized on the ground that there was neither allegation nor proof that the street was in any respect out of repair. In disposing of that contention, the court said, 124 Mo. 359, 27 S.W. 618: "It is true that the petition charged, and the evidence tended to prove, a wrongful obstruction of the street itself. But we can only regard this use of the word (repair) as a slight want of accuracy, which could not have misled the jury. All the evidence was directed to the castings placed upon the street, and the jury could only have understood the instruction as referring to the duty of the city to prevent or remove such obstructions."
Many cases hold that defects in a street need not be structural but may consist of obstructions thereon which impede travel and make it dangerous; and that in such a case to repair a street requires the removal of such obstructions. 43 C.J., p. 1009, Sec. 1793; 63 C.J.S., Municipal Corporations, § 807, page 128; § 796, page 109.
The meaning of an instruction must be determined from its entirety and not by considering only isolated words or phrases. Pohl v. Kansas City, Mo.Sup., 238 S.W.2d 405, 406. When the instant instruction is so considered, we do not believe a jury of ordinarily intelligent men, who should be credited with common sense and reasonable discernment, would be misled.
The judgment is affirmed.
All concur.