DEPARTMENT OF MISSOURI, VETERANS OF FOREIGN WARS OF THE UNITED STATES, Appellant,

v.

DIVISION OF EMPLOYMENT SECURITY, DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS OF MISSOURI, Respondents.

No. 22799.

Kansas City Court of Appeals. Missouri.

Nov. 3, 1958.

Clancy D. Tull, Kansas City, for appellant.

Lloyd G. Poole, George Schwartz, Jefferson City, for respondents.

CAVE, Judge.

This is an appeal from a judgment of the Circuit Court of Cole County, affirming an order of the Industrial Commission. For brevity, the appellant will sometimes be referred to as V. F. W., and the respondents as the Commission.

The V. F. W. filed with the commission an "application for exemption" from coverage and liability of the "Missouri Employment Security Law;" Chapter 288, V.A. M.S. A hearing was had before a referee, and in due course the application was denied and the appellant was held liable under the chapter. This order was affirmed by the circuit court, and appeal was perfected to this court.

The essential facts are not in dispute. The referee and the commission found, and the record supports such findings, that the Veterans of Foreign Wars of the United States was incorporated under the Laws of the United States by a Congressional Charter, on May 28, 1936, 36 U.S.C.A. § 111 et seq.; that this charter specifically provided "that the purpose of this corporation shall be fraternal, patriotic, historical, and educational; to preserve and strengthen comradeship among its members; to assist worthy comrades; to perpetuate the memory and history of our dead, and to assist their widows and orphans; to maintain true allegiance to the Government of the United States of America, and fidelity to its Constitution and laws; to foster true patriotism; to maintain and extend the institutions of American Freedom, and to preserve and defend the United States from all her enemies, whomsoever". These identical purposes are incorporated in the Constitution and Bylaws of the National V. F. W., and all state units and local V. F. W. posts, and constitute the powers, authority and objectives of each organization.

The commission also found that appellant's income was derived from dues-paying members; donations; and profits from sales of Buddy Poppies and Christmas cards; that such funds were generally used for administrative expenses, publication of its official organ, and certain entertainment. Under our view of the issues for decision, it is unnecessary to detail the various expenditures of such funds.

The ultimate findings of the referee, approved by the commission, are that the appellant "is not organized and operated exclusively for religious, charitable, scientific, literary or educational purposes. For example, two of the principal objects of the appellant are 'fraternal' and 'patriotic'. While these objects are highly commendable, they are not 'religious, charitable, scientific, literary or educational'. The referee believes that many of the purposes and objects of the appellant which could not be classified as religious, charitable, scientific, literary or educational are substantial in nature * * * ;" and that appellant is subject to the "Employment

Security Law on January 1, 1951, and that it has continued to be an employer subject to the Law for each year thereafter".

█ It will be noted that the real and vital finding is, that many of the *purposes and objects* of the appellant, as authorized by its Charter and Bylaws, quoted supra, are not religious, charitable, educational, etc. We are not concerned with any specific activities of the appellant, but only with the scope of its *powers* and *authority* under its Charter.

Appellant contends it is not subject to the employment tax of Chapter 288 because it falls within the specific exemptions of Section 288.030(16) (6) (f). The exemptions provided for there are for "Service performed in the employ of a corporation, community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, * * * no part of the net earnings of which inures to the benefit of any private shareholder or individual".

In construing this section, the cases uniformly hold that before an employer is exempt on the specified grounds, it must be *both organized and operated exclusively* for such purposes, and if either fails, then the exemption does not apply. Chamber of Commerce of North Kansas City v. Unemployment Compensation Commission, 356 Mo. 323, 201 S.W.2d 771, 772; Christian Board of Publication v. Division of Employment Security, etc., Mo.App., 279 S.W.2d 55, 63; Northeast Osteopathic Hospital v. Keitel, 355 Mo. 740, 197 S.W. 2d 970. In Murphy v. Concordia Publishing House, 348 Mo. 753, 155 S.W.2d 122, 125, 136 A.L.R. 1461, the court reviewed many authorities, and quoted with approval the following: "It has been held again and again that the right of a corporation to exemption must be determined from the articles of incorporation alone and that if any of its powers are not charitable, the corporation is not entitled to be classified as a charity".

The question of whether the Missouri V. F. W. unit is subject to the tax under Chapter 288 has not been specifically decided in this state, but we are cited to two cases from other jurisdictions deciding the question. In Department of California, Veterans of Foreign Wars of United States v. Kunz, 125 Cal.App.2d 19, 269 P.2d 882, the court discusses that state's exemption statute, which is identical with our Section 288.030(16) (6) (f), and also the *"purposes"* for which the V. F. W. corporation was formed. Such *"purposes"* are identical with those of the Missouri unit. The court called attention to the very broad powers and purposes granted by the charter, and among other things, said (269 P.2d 885): "Fraternal purposes, mentioned in the first place, are not charitable or educational. 'Fraternal or social organizations are not exempt from making unemployment insurance contributions'" Citing 81 C.J.S. Social Security and Public Welfare § 124, page 186. "An association or organization, in order to be exempt on the ground that it is engaged in charitable, benevolent, educational, or scientific work, has been required to be both organized and operated exclusively for such purposes; if either element fails, the exemption does not apply." Citing many authorities, including Chamber of Commerce of North Kansas City v. Unemployment Compensation Commission, supra; Northeast Osteopathic Hospital v. Keitel, supra. "These cases also hold that the question whether the purposes for which an organization is *organized* entitled it to exemption is judged according to its articles or charter. * * * It is on the ground of the too wide purpose for which it was organized alone that the Unemployment Insurance Appeals Board denied appellant's claim to charitable exemption, and this position seems well taken".

In In re Emil Hubsch Post No. 596, Veterans of Foreign Wars of United States, 106 N.Y.S.2d 727, the court was discussing whether a local V. F. W. post was exempt under a statute identical with ours,

and where the purposes of the post as set out in its Charter and Bylaws were identical with those in the instant case. The court said (106 N.Y.S.2d 730): "In examining the purposes for which the parent organization was organized it is clear that some of those purposes are charitable and educational. It seems equally clear that some of those purposes are fraternal and social. In fact, the first purpose mentioned in the act creating the parent organization is 'fraternal,' and further, 'to preserve and strengthen comradeship among its members'. In the light of such clear and explicit language it cannot be said that respondent is organized *exclusively* for 'charitable * * * or educational purposes.' * * * Fraternal or social organizations are not exempt from making unemployment insurance contributions, though in fact they make substantial contributions of a charitable and educational nature". Citing authorities. This decision was affirmed by the Court of Appeals of New York in 303 N.Y. 682, 102 N.E.2d 838.

■ It is our conclusion that the very broad purposes and powers authorized by appellant's Constitution and Bylaws exclude it from the exemption claimed. The purposes and authority of appellant are so general and comprehensive that it could properly engage in many activities which do not fall within the specified exemptions. Thus it was not *organized exclusively* for charitable, educational, etc., purposes.

The instant case must be distinguished from those cases where the charter limits the rights of the employer to charitable, religious, educational, etc., activities, and the employer deviates therefrom. The question in those cases is whether the deviation is substantial and sufficient to forfeit the employer's exemption. See Division of Employment Security v. Industrial Commission, Mo.App., 242 S.W.2d 593.

Appellant's last contention is that the trial court and the commission erred in not finding that the commission had been negligent in failing to make an earlier declaration of whether appellant was liable under Chapter 288.

The argument in support of this contention is based on certain matters appearing in the record. A Mr. Otten, who was the Quartermaster-Adjutant of the V. F. W. Department of Missouri for the years 1947–48, wrote a letter "To Whom it May Concern". This letter was written in September, 1956, after appellant's application had been filed with the commission. He stated therein that on one occasion, time not specified, he discussed the question of whether appellant was subject to the provisions of said chapter with someone at the commission's office, and that it was his understanding that appellant was not under the act, but that he could not recall the person with whom he conferred. Mr. Bosch, who had been the Quartermaster-Adjutant of appellant from 1949 until the date of the hearing, testified that on three occasions between 1949 and 1956, he telephoned the office of the commission to inquire whether appellant was liable under the act; and that the effect of the information he received was that the appellant need not worry about the matter until it was notified whether there was any liability. However, he also stated he could not recall with whom he talked, or when the conversations took place.

■ Laying aside the question of whether the commission would be bound by any verbal opinion or advice, it is clear that this evidence, if it may be dignified as such, is too indefinite, uncertain and speculative to support or require a finding that the commission was negligent, even assuming that such a question was or could be raised in this proceeding.

If there should be any equitable adjustment of past due taxes, such adjustment may be made by the commission, if it sees fit.

The judgment is affirmed.

All concur.