ALLE A. TENINGA, Appellee, vs. JACOB GLOS, Appellant.

*Opinion filed December 16, 1914.*

1. REGISTRATION OF TITLE—*when a receiver has authority to register title.* A receiver of a loan association who is authorized, by the decree appointing him, to institute suits affecting the association and its property and to cause clouds to be removed from the title to such property, and to whom a deed is made to the property by a special commissioner appointed by the court to make the conveyance, has authority to maintain a proceeding to register title.

2. SAME—*when written assent to registration of title is sufficient.* A written assent by persons in possession of a lot under a contract of purchase from a loan association, to the application by the receiver of the loan association to register title to the lot, is sufficient as an appearance and consent to the decree, irrespective of whether such assent is acknowledged or not.

3. SAME—*when general objection to admission of abstract of title in evidence is not sufficient.* A general objection to the admission in evidence of an abstract of title is not sufficient to raise the point, on appeal, that the abstract was not in the English language because it contained abbreviations and symbols. (*Loehde v. Glos,* 265 Ill. 401, followed.)

APPEAL from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding.

ALBEN F. BATES, for appellant.

NEWMAN, POPPENHUSEN & STERN, (CHARLES T. FARSON, of counsel,) for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Appellee, Alle A. Teninga, receiver of the Roseland Savings, Loan and Building Company, filed his application in the circuit court of Cook county under the Torrens act (Hurd's Stat. 1913, chap. 30, par. 44, *et seq.*) to register the fee simple title to certain real estate described in the application. Several parties were named in the application as having interests in said real estate, among others appellant, Jacob Glos, who was made a defendant as the holder of an

alleged tax interest. Another party named in the application as having some interest in the property was William Young, and his address was given as Pueblo, Colorado. Service was had on him by publication and he was defaulted. The application also alleged that Dirk VanWyngarden and Jennie VanWyngarden had a contract for the purchase of the premises sought to be registered. Neither of them was served with summons. They signed an assent to the application, but such assent was not acknowledged in the form prescribed by the statute. Defendant Jacob Glos filed his answer to the application, setting up that the application was not in lawful form; denying that the applicant was the owner of the premises; alleging that he (Glos) was the owner, and setting up various reasons why the law under which the application was filed was contrary to the constitution of the State of Illinois and the constitution of the United States. Reference was made by the court to the examiner of titles and evidence was heard on behalf of the applicant. On behalf of defendant Jacob Glos certain tax deeds and receipts for the payment of taxes on the property were offered. The examiner made a report finding that the applicant was the owner of the premises at the date of the filing of the application, and recommending that a decree be entered registering the title in the applicant and setting aside the tax deeds of Jacob Glos as a cloud on the title, for the reasons that said Glos had made no proof, nor offered to make any, of the rendition of any judgment for the sale of real estate nor of the issuance of any precepts for said sales, and that he had made no proof, nor offered to make any, of the giving of notice, by publication or otherwise, to the owners or occupants of said real estate or persons interested in the same, or the person in whose name the same was taxed, before taking out said tax deeds, as required by the statutes of this State. The report further recommended that said Jacob Glos be reimbursed for the amount of the said tax sales and for subsequent taxes and special assess-

ments found by the examiner to have been paid by him, together with interest on said amounts at the rate of five per cent per annum from the dates of payment, and upon the payment to him of costs in said case to be taxed. The report found the total amount due the said Jacob Glos to be $164.24, to which was added an appearance fee of $5. Numerous objections were filed to the report, which were overruled by the examiner and were ordered to stand as exceptions before the court. The court overruled the exceptions and entered a decree in accordance with the examiner's report, from which Jacob Glos has prayed an appeal to this court.

The errors that are relied upon by appellant for reversal are, (1) that the court acquired no jurisdiction to register the title of the applicant and set aside the tax deeds of the appellant; (2) that there was no competent evidence that the abstracts of title were such as are required by section 18 of the act concerning land titles; (3) that the abstract made by the recorder of deeds of Cook county is not intelligible, because it is made up of abbreviations and arbitrary signs and is not sufficient as a basis for a decree registering title in fee simple in the applicant.

As to the first contention, it is urged that the applicant had no authority, as receiver, to register the title. The record shows that there were offered in evidence the records, files and proceedings of a suit in the circuit court of Cook county for the dissolution of the Roseland Savings, Loan and Building Company. Among other things, the decree of the circuit court appointing the applicant, Alle Teninga, receiver of said association on March 31, 1911, gave him authority to prosecute, defend and institute suits affecting said association and its property and to cause to be removed clouds upon the title to the property of said association. The record also shows that said applicant filed his bond as such receiver and it was approved, and further shows a deed to him of the property in question by a special com-

missioner appointed by the court to make a conveyance of the property of the association. By these proceedings the appellee was invested with the legal title, in fee simple, of said property and was entitled to bring this proceeding to register the title. *Teninga* v. *Glos,* (*ante,* p. 94.)

It is also contended by appellant that the court acquired no jurisdiction of the defendant William Young, for the reason that the affidavit of non-residence as to him was sworn to November 9, 1912, and the application for registration was not filed in the office of the circuit clerk until November 21, 1912. It appears from the examiner's report that pending the hearing of the application, and prior to the entry of the decree, said Young conveyed all his interest in the premises to the applicant, so that he had no further interest therein anyway.

The same might be said as to the contention of appellant that the defendants Dirk VanWyngarden and Jennie VanWyngarden had not properly filed their assent to the application, and that there was no basis for the finding in the decree that the VanWyngardens filed their consent to the registration of the title of applicant. It appears from the report of the examiner that the VanWyngardens had a contract of purchase which provided that the applicant should convey to them a good title. It also appears from the evidence that after the filing of the application they entered into possession of the premises under their contract of purchase. Appellant contends that the consent of the VanWyngardens to the registration of title should have been acknowledged under section 13 of the Registration law. (Hurd's Stat. 1913, p. 539.) The written assent of said defendants was sufficient as an appearance and consent to the decree as prayed for, irrespective of forms prescribed by the statute. (*Mooney* v. *Valentynovicz,* 262 Ill. 355; *Teninga* v. *Glos, supra.*) It sufficiently appears that the rights of defendants Dirk VanWyngarden and Jennie VanWyngarden were fully found and protected by the decree,

and such decree was in accordance with their desire and consent, and they are not complaining thereof.

As to the other assignments of error, the point is made that one of the abstracts of title offered in evidence by the applicant in connection with the oral proof was composed partly of isolated letters and figures, and hence is not in the English language and should not have been received in evidence; that an abstract of title, when received in evidence, becomes a part of the judicial proceedings and must therefore be in the English language, under section 18 of the schedule of the constitution of 1870, which provides that all laws of the State of Illinois, and all judicial writings and judicial proceedings, etc., shall be conducted, preserved and published in no other than the English language. It further appears that while several specific objections were made to the introduction of the abstract at the time it was offered, no objection was made that by reason of containing abbreviations and symbols it was not in the English language, as is urged in this court for the first time, nor was such objection or exception made to the report of the examiner. There was an objection made when the abstract was offered that certain parts of the abstract in question, being a transcript of proceedings in a chancery suit concerning the premises, were unintelligible, but such parts were explained by evidence, and at a later hearing a full transcript of the record of the chancery suit in question was put in evidence, and having thus been made intelligible the objection that it was unintelligible was fully answered. The only objection made in this respect to the examiner's report was a general one; that the examiner, upon the hearing before him, received in evidence the document marked applicant's "Exhibit 5" (the abstract in question) and considered the same and based his report, in part, thereon. This objection was not sufficiently specific, and the examiner and the court, as far as the record shows, were not advised of the specific objection now urged for the first time

in this court and had no opportunity to consider same. We would be justified in refusing to consider it now. (*Bjork* v. *Glos,* 256 Ill. 447; *Carlson* v. *Glos,* 257 id. 149; *Keeney* v. *Glos,* 258 id. 555.) In the case of *Loehde* v. *Glos,* 265 Ill. 401, substantially the same objection was made to the introduction of a similar abstract of title in evidence, and what was there said applies to this case.

As no error has been pointed out which we consider sufficient to justify a reversal, the decree of the circuit court will be affirmed. 

*Decree affirmed.*