ROMANTA T. MILLER, Appellee, *vs.* JACOB GLOS *et al.* Appellants.

*Opinion filed December 22, 1915—Rehearing denied Feb. 3, 1916.*

1. REGISTRATION OF TITLE—*proof must show whether premises are occupied or unoccupied.* An application for initial registration of title must allege, and the proof must show, whether the premises are occupied or unoccupied.

2. SAME—*what sufficient proof that premises were unoccupied.* In a proceeding to register title to premises which are alleged in the petition to be unoccupied, testimony of a witness that he had made an examination of the premises, that there were no improvements upon it and that the premises had never been occupied by anybody sufficiently shows that they were unoccupied, even though it appears on cross-examination that he made one examination a year before the application was made but was not asked when, if ever, he made any other visit.

3. SAME—*testimony that premises are "unoccupied" means the same as such word means in the statute.* Since the act concerning registration of titles uses the words "occupied" and "unoccupied" with reference to the condition of the premises, testimony of a witness that premises were "unoccupied" means whatever the statute means in that respect, whether the word "occupied" should or should not be construed as synonymous with "possession."

APPEAL from the Circuit Court of Cook county; the Hon. SAMUEL C. STOUGH, Judge, presiding.

JOHN R. O'CONNOR, and ALBEN F. BATES, for appellants.

ELBERT C. FERGUSON, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was an application filed in the office of the clerk of the circuit court of Cook county January 10, 1915, by appellee, to register title to lots 1, 2 and 3 in block 1, in William T. Little's subdivision of block 6 in Carolin's subdivision, etc., in said county, he claiming to be the owner in fee simple. Jacob Glos and others filed answers denying the allegations of the application. On a hearing before the examiner a report was returned in favor of appellee and a decree entered in the circuit court accordingly. From that decree this appeal has been taken.

The only point raised is as to whether there is any proof to show that the lots in question were unoccupied. The application alleged that they were not occupied at the time it was filed. Without question, under the statute concerning land titles, in registering title the application must allege, and the proof show, whether the property is occupied or unoccupied. (*Jackson* v. *Glos,* 243 Ill. 280; *Brooke* v. *Glos,* 243 id. 392.) One of the witnesses for appellee testified that he had made an examination of this property, and that there were no improvements on it and no person was in possession; that there were no fences or buildings in that vicinity within a block or two. He also stated that the premises had never been occupied by anybody. It appeared on his cross-examination that he made one visit to the premises about a year before the application was made, and he was not asked when, if ever, he made any other visit. It is a fair inference from his testimony that he knew its condition at the time he was on the stand and during the preceding year.

Counsel for appellants argue that when the witness testified that the premises had never been occupied he did not by that answer cover what is required by the statute; that "occupancy may not be necessary to possession;" that a person may be in possession of a lot without occupying it. This question has never been raised and passed upon in con-

struing the statute concerning land titles, although there are expressions in some of the decisions which indicate that the word "occupancy" might be used as a synonym for possession. The statute only uses the word "occupied" and does not use the word "possession." Section 11 requires that the application shall state, among other things, "whether the land is occupied or unoccupied, and, if occupied by any other person than the applicant, the name and post-office address of each occupant, and what estate or interest he has or claims in the land." Section 18 includes practically the same requirements, stating that when the matter is referred to the examiner of titles he shall find, among other things, "whether the land is occupied, the nature of the occupation, if occupied, and by what right," etc. (Hurd's Stat. 1913, pp. 538, 540.) Counsel practically concede that if the answer of this witness that the lot had never been "occupied" complies with the statute and that the word "occupied" means the same as "possession," then the testimony of this witness is sufficient to prove the allegations of the application. Certainly, when the question to the witness and the answer use the same word as is used in the statute,—that is, "occupied,"—in a proceeding of this kind, it must be presumed that the word "occupied" was used with the same meaning as it is used in the statute. To put any other meaning on the word would be most unreasonable. If counsel thought that the witness was using this word with a different meaning from what he claims it ought to mean, they had an opportunity of finding, by cross-examination, how the witness did understand the word. In this state of the record it is unnecessary for us to decide whether the word "occupied" in this statute means the same as "possession."

The decree of the circuit court must be affirmed.

*Decree affirmed.*