ALICE M. SKINNER *et al.* Appellees, *vs.* JACOB GLOS *et al.* Appellants.

*Opinion filed June 22, 1916.*

1. REGISTRATION OF TITLE—*what is sufficient proof that the lots were unoccupied.* Testimony of a witness in a proceeding to register title, to the effect that he had paid the taxes on the lots for ten years and was familiar with their location and condition, and that on the day the application was filed the lots were vacant and without improvements,—just bare ground,—is sufficient, in the absence of rebutting testimony, to show the lots were unoccupied when the application was filed, even though he testifies, on cross-examination, that he did not see the lots on the day the application was filed.

2. SAME—*when a defendant cannot complain that the publication proceedings were defective.* In a proceeding to register title, where the proof is unquestioned that the applicant has a fee simple title good as against the world, a defendant duly served with process and appearing in the case cannot complain, on appeal, that the publication proceedings as to the unknown defendants were fatally defective.

3. SAME—*objections raised for the first time on appeal cannot be considered.* Objections in a proceeding to register title which were not made before the examiner or raised in the lower court but are urged for the first time on appeal cannot be considered.

APPEAL from the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding.

JOHN R. O'CONNOR, and ALBEN F. BATES, for appellants.

JAMES P. GRAHAM, (JOSEPH R. FAHY, of counsel,) for appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Appellees filed an application in the circuit court of Cook county on September 17, 1914, to register title in fee simple to lots 17, 18 and 19, in sub-block 1 of block 1, in Canal Trustees' subdivision of the east half of section 31, township 39, north, range 17, east of the third principal meridian, in said county. Jacob Glos, who claimed title to said premises under a tax deed, August A. Timke, trustee in a trust deed given by Glos to secure the holders of notes for the sum of $100,000, and the unknown owners of said notes, were all made defendants. It was averred in the application that the property was vacant and unoccupied. Defendants Glos and Timke filed an answer, denying that appellees were owners of the land and denying generally the allegations of the petition. The unknown owners of the notes were served by publication and defaulted. The cause was referred to one of the examiners of title, who made a report finding that appellees were the owners in fee of the premises. Objections were filed to the report and overruled and ordered to stand as exceptions. The court overruled the exceptions, approved the report, and entered a decree for the registration of the title in fee and canceling said tax deed and trust deed as clouds on appellees' title upon payment of $172.76 to appellant Glos and $5 to appellant Timke, and all costs of suit.

Appellants first insist that the decree should be reversed because the proof does not support the allegation of appellees' petition and the findings of the court that the premises

were vacant and unoccupied. The decree cannot be sustained unless proof of that allegation be found in the record. August Tidholm, a real estate man, testified that he had examined said lots and had been there several times, was familiar with them and the subdivision in which they are located, and gave their dimensions˙ and location. He further testified that he, as agent, had paid the taxes on them for the last ten years and that they are vacant lots,— bare ground; that the last time he was there was in January, 1916, and that he was acquainted with their condition September 17, 1914,—the date the application was filed; that they were then vacant lots, without any improvements on them or around them,—just bare ground. On cross-examination he testified that he did not see the premises September 17, 1914; that he was there two years before he testified, in August, 1913, and about January 1, 1915, and that he does not remember any special occasion that he was there between August, 1913, and January, 1915. In the absence of rebutting testimony we must hold that the witness was, as he testified, familiar with the condition of the property on September 17, 1914, and that it had no improvements on it or around it and was vacant and unoccupied. *Miller* v. *Glos,* 271 Ill. 285; *Harts* v. *Glos,* 271 id. 376; *Foulkes* v. *Glos,* 272 id. 364.

It is next argued that as the petition, including the statement therein that the legal holder or holders, owner or owners, of the said notes for $100,000 are unknown, etc., was sworn to November 28, 1913, and was not filed until September 17, 1914, the affidavit was stale and that it failed to give the court jurisdiction of the persons of the unknown owners, as the affidavit, under section 12 of the Chancery act, is jurisdictional and that section must be complied with. If it be conceded that legal service by publication cannot be had, under sections 7 and 12 of the Chancery act, on unknown owners on an affidavit made nine or ten months before publication was had, appellants are in no position to

avail themselves of such an objection.   In this character of proceeding, where the proof is unquestioned that the applicants have a fee simple title or a title good as against the world, a defendant duly served with process and appearing in the case cannot complain that the publication proceedings as to other non-resident defendants were fatally defective. *McDonnell* v. *Glos,* 266 Ill. 504; *Gibson* v. *Glos,* 271 id. 368; *O'Laughlin* v. *Covell,* 222 id. 162.

It is finally insisted that the judgment should be reversed because the witness Tidholm described and located the lots in question as being on Ashland avenue while the record contains a plat of the property showing that said lots face on Reuben street, and that Ashland avenue does not appear at all on said plat.   It appears that said plat was made in 1848, when the subdivision was first laid out, and it may be that the name of Reuben street has since been changed to that of Ashland avenue.   But whether it has or not is of no special significance.   The property is described in the petition without reference to any street whatever. The examiner found from the evidence that the applicants were the owners in fee of the premises described in the application, and no specific objection was raised before the examiner or the lower court that the witness had failed to properly describe the property he had testified was vacant and identified as the property described in the petition.   It is clear from the evidence that the witness was describing the property properly, as he stated where it was, on what street and between what streets it was located, and the character of buildings on the lots adjoining it.   Had he been mistaken, some notice of the matter would undoubtedly have then been taken and proper objections saved to his testimony.   Objections that were not made before the examiner and the lower court and are for the first time raised in this court cannot be considered.   *Teninga* v. *Glos,* 266 Ill. 121.

The decree of the circuit court is affirmed.

*Decree affirmed.*