Henning Bood and C. H. Farland for use of Noah Simon, Plaintiff in Error, v. James G. Barsaloux, Inc., Defendant in Error.

Gen. No. 34,565.

Opinion filed April 15, 1931,

POMEROY & MARTIN, for plaintiff in error.

BROWN, BROWN & BROWN, for defendant in error.

MR. PRESIDING JUSTICE WILSON delivered the opinion of the court.

Plaintiffs, Henning Bood and C. H. Farland, for use of Noah Simon, filed their amended statement of claim in the municipal court, seeking to recover certain sums of money held and claimed by the defendant, James O. Barsaloux, Inc., as commissions upon the unexpired portions of certain leases which had been procured by them while they were in charge of the property known as 6431–6439 Harper Avenue, Chicago. A jury returned a verdict in favor of the defendant and judgment was entered upon the verdict. This writ of error is sued out to reverse that judgment.

From the essential facts it appears that on and prior to October 15, 1925, Henning Bood was the owner of the flat building located at number 6431–6439 Harper Avenue, Chicago, and that associated with him as a partner was one C. H. Farland, whose name, however, does not appear in the chain of title, although he appears to have been a partner in the ownership of the building in question.

October 15, 1925, an agreement was entered into between James G. Barsaloux and Henning Bood, which appears to have been the culmination of some oral agreement, and which we set out in full. It seems to be an acceptance of an offer made by Bood. The communication from Barsaloux reads as follows:

"Chicago, October 15, 1925.

Mr. Henning Bood,
     Chicago.
Dear Mr. Bood:

In the event the building known as the Parkmere building, located at 6431–39 Harper Ave., is sold and I lose the management of it, or if for any reason you

desire to make a change in management, I hereby agree to turn over to you all leases in my possession without charge to you.

Very truly yours,<br>
James G. Barsaloux.''

November 12, 1925, the business controlled and operated by Barsaloux was incorporated under the name of James G. Barsaloux, Inc., and continued the business which consisted of a real estate, renting, loan and insurance business under the direction of Barsaloux. This corporation continued in the collection of rents and accounted to Bood for the moneys collected by it as rents.

October 4, 1927, Bood and Farland sold the building to one Noah Simon and executed and delivered their deed to the premises. At the same time Bood and Farland took back a second mortgage together with an assignment of the rents and a power of attorney to run and manage the building on Harper Avenue.

April 30, 1928, Bood and Farland notified Barsaloux that his agency to collect the rents on the premises was terminated and demanded the leases and an accounting for the rents collected.

May 1, 1928, such an accounting was made and the leases were, at the direction of Bood, transferred to Swan & Lorisch, another real estate agency in the City of Chicago.

May 11, 1928, Bood and Farland assigned to Simon any and all claim they might have against James G. Barsaloux, Inc., for any sums held by Barsaloux, Inc. and claimed as commissions on unexpired leases.

From the statement submitted by Barsaloux, Inc. to Bood at the time of the termination of the agency of Barsaloux, Inc., it appears that the commissions on unexpired leases totaled $785.17, and it is to recover this amount that the action was brought.

Plaintiff claims that under the contract of October 15, 1925, and the assignment of the rents under the

agreement of October 4, 1927, Barsaloux, Inc., was precluded from retaining commissions other than those actually collected and was not entitled to anything for the unexpired period of the leases. This is based upon the agreement of October 15, 1925, in which James G. Barsaloux, prior to the incorporation, agreed to turn over all leases to Bood without charge. The defendant claims the right to the retention of the amount for commissions on unexpired leases made after the sale of the premises by Bood to Simon on October 4, 1927, on the ground that by reason of the sale of the premises the agreement between himself and Bood was at an end, and that there was no obligation on his part or that of Barsaloux, Inc., to turn over new leases after this sale of the premises, without first deducting commissions, as the new ownership constituted a new agency, and, there being no special agreement, his right to collect commissions on unexpired leases was governed and controlled by the general custom in force in the City of Chicago at the time the new leases were taken.

We are of the opinion that the position taken by the defendant was correct. The agreement between Barsaloux and Bood was a personal agreement and not assignable. The sale of the premises in question to Simon created a new principal and there was no obligation on the part of the defendant to continue as agent under the agreement of October 15, 1925. Under the assignment of the rents to Bood, it is true that Bood became entitled to collect and receive them, but the rentals collected inured to the benefit of Simon, the purchaser of the property, and were retained by Bood for the purpose of decreasing the amount of the indebtedness owing to him under the second mortgage. Each monthly rental retained under the assignment decreased the indebtedness of Simon and was, therefore, primarily for the benefit of Simon, the purchaser of the premises in question. It is true that under the

assignment of the rents from Simon to Bood, the owner of the premises deprived himself of these rentals, but this was a contract between those particular parties, to which Barsaloux was not a party, nor by which he could be bound.

A first reading of the agreement of October 15, 1925, between Barsaloux and Bood might raise the impression that Barsaloux was bound so long as he did not lose the management of the premises, but upon a closer inspection, it is apparent that the agreement continued in effect so long as the property was not sold or in the event it was terminated by Bood. If the property was sold, Barsaloux necessarily lost the management, unless it was continued by a specific agreement with the new principal, or by implication. By permitting Barsaloux, Inc. to continue to make new leases and collect rents after the purchase of the property by Simon, it became entitled to reimbursement under the general existing custom.

Testimony was introduced during the course of the trial showing a custom among real estate agents in the City of Chicago to collect three per cent upon the unexpired term of leases made by them. In our view of the proper construction of the agreement and the facts in the case, this testimony was proper. *Carroll, Schendorf & Boenicke v. Simons,* 245 Ill. App. 586.

During the period when Barsaloux, Inc. collected the rents, the corporation rendered an accounting to Bood & Farland and also to Simon. After the sale there is some evidence that Barsaloux had a talk with a Mrs. Simon, who appeared to be in charge of the office of Simon, located on Wabash Avenue in Chicago, and was told that he could have charge of the building. These facts are important only for the purpose of showing that, after the sale, Barsaloux attempted to make arrangements for the collection of rents under the new landlord.

It appears from the record that the defendant served notice upon the plaintiff to produce the original letters and papers, memoranda and documents in connection therewith, turned over to the plaintiff, upon their demand and that, upon failure so to do, secondary evidence would be offered. On the trial it was stipulated that the leases had been turned over to Swan and Lorisch and that the defendant might offer secondary proof as to these unexpired leases in support of the defendant's claim that $785.17, had properly been retained by them as commissions. Defendant then offered in evidence an itemized statement for the purpose of showing the number, amount and dates of the leases made, the amount collected and the unexpired portion uncollected. This was objected to on the ground that it was not the best secondary evidence. This statement, however, was admitted in evidence over objection, and in this we believe the court erred. Statements of this kind are properly admissible in evidence when the accounts sought to be proven are complicated, but, before they are admissible, it is necessary to introduce or have in court and offer for inspection, the original documents from which said statements are made up. It appears from the record that the witness testifying to this statement stated that he had checked the records in his office with reference to the leases in question, and that the list presented was correct. The statement would have been admissible if the documents from which the statement was made had been produced for the purpose of cross-examination and introduced in evidence. No such proper foundation, however, was laid for the purpose of making the statement competent. *Inter-State Finance Corp. v. Commercial Jewelry Co.*, 280 Ill. 116.

The only evidence in the record as to the amount due under the unexpired leases was that contained in the statement, and its introduction in evidence over

continued objection, was error which will necessitate a new trial.

For the reasons stated in this opinion the judgment of the municipal court is reversed and the cause is remanded for a new trial.

*Judgment reversed and cause remanded.*

HEBEL and FRIEND, JJ., concur.