Ducks Unlimited, Inc., Plaintiff-Appellant, v. Barney J. Grabiec, Director of Labor, Defendant-Appellee.

(No. 54879;

First District—May 17, 1971.

Ross, Hardies, O'Keefe, Babcock, McDugald & Parsons, of Chicago, (Frederic O. Floberg and James F. Hakes, of counsel,) for appellant.

William J. Scott, Attorney General, of Chicago, (Francis T. Crowe and Samuel E. Hirsch, Assistant Attorneys General, of counsel,) for appellee.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

On February 13, 1968, plaintiff, Ducks Unlimited, Inc., ("Ducks") filed with the State of Illinois, Division of Unemployment Compensation claims for refund of unemployment tax and contributions paid for the third and fourth quarters of 1965, all of 1966 and the first and second quarters of 1967. Ducks contended that it was exempt from payment under par. 221 of the Illinois Unemployment Compensation Act. Ch. 48, par. 331, par. 221). On February 20, 1968, the Director of Labor denied plaintiff's claim. After a protest by plaintiff, the Director's Representative released his Report on January 15, 1969 recommending that (1) the claim for refund of contributions for the third and fourth quarters of 1965 be allowed; and (2) the claim for refund for 1966 and the first and second quarters of 1967 be denied. On May 29, 1969, the Director adopted the Representative's Report in full.

Plaintiff sought judicial review of this May 29, 1969 decision of the Director pursuant to the Administrative Review Act. Ch. 110, pars. 264–279. On December 23, 1969, the trial judge affirmed the May 29, 1969 decision of the Director.

Ducks was founded in 1937 as a not-for-profit corporation, having no shareholders. Its charter provides that all property which it receives must

be used exclusively for educational and scientific purposes, including the restoration and perpetuation of wild ducks and other wild waterfowl on the North American continent. It provides that no part of the corporate income shall inure to the benefit of any private shareholder or individual. Additionally, the charter states that the corporation shall not, by its activities, attempt to influence legislation by propaganda or otherwise.

The scientific operations of Ducks consist primarily of providing funds to an affiliated organization, Ducks Unlimited, Canada, which uses these funds to conduct biological and engineering analyses of Canadian prairie provinces. The main purpose of these activities is to insure adequate breeding and nesting areas for waterfowl. Extensive surveys are conducted by Ducks Unlimited, Canada, to determine indices as to the propagation of juvenile birds, the number of returning birds and the number of water areas available. These studies assist Ducks in planning future projects related to development and protection of waterfowl.

The educational activities of Ducks consist mainly in the preparation and publication of several pamphlets annually. These publications are designed to explain the nature of the waterfowl conservation program as well as the activities designed to achieve these goals. Additionally, representatives of Ducks distribute the latest information with regard to waterfowl management and production to conservation groups throughout the country. Films are also produced by Ducks to supplement its educational program.

Plaintiff's affiliate, Ducks Unlimited, Canada, was organized in 1937 as a not-for-profit Canadian corporation. Its charter objectives are to increase and perpetuate the supply of wild ducks and other migratory waterfowl within Canada. Pursuant to an agreement that plaintiff has remitted monthly since 1937 to Ducks Unlimited, Canada, approximately 80 percent of its contributions for pursuit of scientific operations. Ten percent of Ducks' contributions are used in furtherance of its educational activities within the United States, with the remaining ten percent used for administrative expenses.

The total amount of funds to be allocated to Ducks Unlimited, Canada, is determined by Ducks at its annual meeting. The decision to transfer funds to Ducks Unlimited, Canada, is based upon the submission of a Monthly Spending Control Report and Annual Reports of projected expenditures by Ducks Unlimited, Canada. Ducks can terminate at any time the transfer of money to its Canadian affiliate if these funds are used for nonscientific or noneducational purposes.

Ducks has been exempt from Federal income tax since 1938. In 1965, the exemption was extended to make contributions to plaintiff deductible for Federal estate and gift taxes. On August 31, 1965, Ducks was also ex-

empted from the Illinois retailers' occupation service and use taxes; and, on May 22, 1958, from the New York City sales tax. Ducks contends that the decisions of the Director of Labor and the trial court denying its claim for refund under par. 221 of the Unemployment Compensation Act are against the manifest weight of the evidence.

■■■ In exercising our function pursuant to the Administrative Review Act, we must commence from the premise that, "the findings and conclusions of the administrative agency on questions of fact shall be held to be prima facie true and correct." (ch. 110, par. 274.) Our duty as a reviewing court is limited to ascertaining whether the findings and decisions of the administrative agency are against the manifest weight of the evidence. We will not reweigh the evidence but we must determine whether the final decision of the agency is just and reasonable in light of the evidence presented. (See *Davern v. Civil Service Com.*, 47 Ill.2d 469 at page 471 and cases there cited.) Where this court finds that the order of any administrative agency is without substantial foundation in the evidence, it is our duty to set the order aside. *Golden Egg Club Inc. v. Illinois Liquor Com.*, 124 Ill.App.2d 241, 243; *Evans v. License Appeal Com.*, 95 Ill.App.2d 121, 127; and *Gasparas v. Leack*, 93 Ill.App.2d 99, 109.

Par. 221 provides (ch. 48, par. 331):

"The term 'employment' shall not include service performed in the employ of a corporation  *  *  *  organized and operated exclusively for  *  *  *  scientific  *  *  *  or educational purposes  *  *  *  no part of the net earnings of which inures to the benefit of any private shareholder or individual, and no substantial part of the activities of which is carrying on propaganda or otherwise attempting to influence legislation."

■■ As the decision of the Director correctly indicates, four basic requirements must be satisfied before Ducks can be exempt. The corporation must be: (1) organized exclusively for scientific and educational purposes; (2) operated exclusively for scientific and educational purposes; (3) no part of its earnings can inure to the benefit of any private shareholder or individual; and (4) no substantial part of its activities can consist of carrying on propaganda or otherwise attempting to influence legislation. The Director concedes that plaintiff satisfies requirements three and four. The central issue is whether Ducks was organized and operated exclusively for scientific and educational purposes during the period in question.

Section 501(c)(3) of the United States Internal Revenue Code of 1954 describes those organizations exempt from Federal income tax. Ducks was granted such an exemption by the Internal Revenue Service on November 29, 1938 under Section 101(6), predecessor to Section

501(c)(3). The pertinent statutory language of Section 221 of the Illinois Unemployment Compensation Act was drawn directly and verbatim from Section 101(6) of the Internal Revenue Code.

The Director argues that an exemption under the pertinent section of the Internal Revenue Code does not preclude denial of an exemption under par. 221. However, in a prior administrative proceeding, *Director of Labor v. Institute of American Poultry*, 42-H-726, rev'd, *Institute of American Poultry v. Murphy, Director of Labor*, 43-C-9089, the Director's Representative himself emphasized the importance of the relationship between these two sections and held that the Federal ruling should be accorded, "much weight."

Thus, while plaintiff's Federal exemption under Section 101(6) is not conclusively binding upon the Director, nor upon this court, it should not be completely disregarded. The fact that Ducks has obtained the Federal exemption is an important factor in determining its status here; particularly when considered in conjunction with exemptions from the Illinois retailers' occupation, service and use taxes and the New York City sales tax.

Plaintiff's charter and bylaws show strongly that it was organized exclusively for scientific and educational purposes. Whether a corporation is organized exclusively for one or more of the exempt purposes in Section 221 is to be determined from its charter and bylaws. (*Scripture Press Foundation v. Annunzio*, 414 Ill. 339, 349; *American Medical Association v. Board of Review*, 392 Ill. 614, 618.) Plaintiff's certificate of incorporation states the purpose of its organization as the conservation, restoration and perpetuation of waterfowl through scientific research and study. There is no suggestion in plaintiff's charter that its organizational objectives are nonscientific or noneducational within the scope of Section 221. We expressly reject the Director's contention that the charter language giving power to do acts "not forbidden by law" should lead to a contrary conclusion.

The question remains as to whether Ducks is operated exclusively for scientific and educational purposes. In *American Medical Association v. Board of Review*, 392 Ill. 614, the Supreme Court was faced with a similar issue; namely whether the American Medical Association was an employer exempt from contributions under the Illinois Unemployment Compensation Act. The court stated that whether an organization "is operated exclusively as a scientific or educational association must be determined by the facts of its practices." 392 Ill. at page 618. The court held (392 Ill. at pages 618, 619):

> "If all be for the ultimate end for which it is organized, and it is organized exclusively for scientific or educational purposes,

then it so operated even though in such operation it may engage in business with the view to profit."

The evidence here shows manifestly that all of plaintiff's activities, including its financial support of Ducks Unlimited, Canada, are directed to and "for the ultimate end for which it is organized"; that is the conservation of migratory waterfowl and other scientific and educational projects precisely as enunciated in its charter.

The details of the method by which Ducks carries out its scientific and educational objectives are irrelevant "so long as its activities remain exclusively devoted to the operation of such exempted purposes." (*American Medical Association v. Board of Review*, 392 Ill. 614, 620.) Plaintiff has chosen to fulfill the goals set forth in its charter primarily through contributions to its Canadian affiliate, Ducks Unlimited, Canada. Plaintiff's income is devoted exclusively to the exempt purposes established by its charter and therefore its contributions to Ducks Unlimited, Canada, are entirely proper and within the ambit of Section 221. *American Medical Association v. Board of Review*, 392 Ill. 614 at pages 620, 621.

■■ The Director cites *Ray Schools-Chicago-Inc. v. Cummins*, 12 Ill.2d 376 for the proposition that plaintiff has failed to satisfy certain requirements to claim an educational exemption. These requirements, as determined by the court, include a substantial benefit to the public and a lessening of the burden of taxation. *Ray Schools-Chicago-Inc. v. Cummins*, 12 Ill.2d 376 at page 383. *Ray*, however, dealt with a corporation which claimed it was organized exclusively for educational purposes. Plaintiff does not contend that it was organized exclusively for educational purposes. Rather, Ducks has consistently maintained that it is organized and operated primarily for scientific purposes and that its educational activities are merely in furtherance of its scientific objectives. Therefore, the strict standards established in *Ray* for an exemption on educational grounds only are not applicable here where plaintiff's activities are almost exclusively scientific in nature.

The Director's contention that plaintiff's main objective is the promotion and continuation of duck hunting is not supported by the record. Nowhere in plaintiff's charter or bylaws is there any suggestion that plaintiff's primary purpose is the promotion of duck hunting. The operations of both plaintiff and its Canadian affiliate are devoted exclusively to the conservation of migratory waterfowl. There is no program or activity established by Ducks specifically designed to benefit the hunter. Plaintiff's efforts are directed exclusively toward the breeding and preservation of waterfowl. The fact that hunters may be indirectly benefited by plaintiff's programs does not warrant the conclusion that it was not organized and is not operated exclusively for scientific and educa-

tional purposes within par. 221. *American Medical Association v. Board of Review*, 392 Ill. 614 at pages 620, 621.

■■ We have carefully reviewed the authorities cited in the Director's brief. We have given due consideration to decisions of the Supreme Court which set forth the general propositions applicable here. The burden is upon plaintiff to prove that it comes within the exemption requirements. The exemption statute must be strictly construed and all debatable questions resolved in favor of taxation. The person claiming exemption must show clearly the existence and legal basis for such exemption. Further, the Unemployment Compensation Act is a benevolent attempt to shield unfortunate persons from economic burdens caused by involuntary unemployment and the statute must be liberally construed to achieve this salutary objective. These principles are admirably set forth by our Supreme Court in *Scripture Press v. Annunzio*, 414 Ill. 339 at pages 347 and 348.

However, this record shows that the final decision of the Director and the ruling of the Circuit Court are without substantial foundation and are against the manifest weight of the evidence. The decision of the Director to impose the tax upon Ducks is not just and reasonable in the light of all the evidence presented. Accordingly we hold that plaintiff is entitled to exemption under par. 221 of the Illinois Unemployment Compensation Act. It is, therefore, not necesary for us to decide the issue raised by plaintiff regarding assessment of interest upon contributions paid for 1966 and the first and second quarters of 1967. We, therefore, reverse the order of the Circuit Court and remand the cause with direction that proper orders be entered evidencing complete exemption of plaintiff from payment of contributions under the Unemployment Compensation Act and granting plaintiff's claim for full refund of contributions paid.

Order reversed and cause remanded with directions.

BURKE, P. J., and LYONS, J., concur.